UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YAHJAIRA FELICIANO-CORDERO,
*Plaintiff,*

v.

NEW OPPORTUNITIES INC.,
*Defendant.*

No. 3:20-cv-00094 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Yahjaira Feliciano-Cordero ("Plaintiff") has sued New Opportunities, Inc. ("Defendant" or "New Opportunities") following her termination from employment. Ms. Feliciano-Cordero alleges unlawful retaliation and interference with her rights under the Family and Medical Leave Act ("FMLA"). Compl. ¶¶ 19–28, ECF No. 1 (Jan. 20, 2020) ("Compl.").

New Opportunities now moves to dismiss the Complaint due to Ms. Feliciano-Cordero's failure to comply with the Court's February 3, 2021 order to complete all outstanding written discovery requests by March 12, 2021. Def.'s Mot. to Dismiss, ECF No. 28 (Mar. 26, 2021); Order, ECF No. 23 (Feb. 3, 2021).

For the reasons stated below, New Opportunities's motion to dismiss is **GRANTED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Factual Allegations**

Ms. Feliciano-Cordero worked for New Opportunities as a Family Development Specialist; she started in this position around August of 2015. Compl. ¶¶ 7–9. On or about October 11, 2016, Ms. Feliciano-Cordero requested and received approval for leave under the FMLA in order to tend to a "serious health condition." *Id.* ¶¶ 11–12; Answer to Compl. ¶ 12,

1

ECF No. 13 (Apr. 9, 2020) ("Answer"). On January 20, 2017, New Opportunities terminated Ms. Feliciano-Cordero, citing her absence as a reason for the decision. Compl. ¶¶ 13–14.

### B. Procedural History

On January 20, 2020, Ms. Feliciano-Cordero filed this Complaint against New Opportunities, alleging that "[s]ome or all of the attendance [New Opportunities] cited to for the termination should have been protected under the FMLA," *id*. ¶ 15, and that "[a]ny and all excuses to be offered by [New Opportunities] to explain [her] termination would be a pretext to mask unlawful FMLA retaliation/discrimination," *id*. ¶ 17.

On April 9, 2020, New Opportunities filed their Answer to this Complaint. Answer.

On May 5, 2020, the Court entered a scheduling order with a February 5, 2021 discovery deadline. Scheduling Order, ECF No. 16 (May 5, 2020).

On November 30, 2020, "[a]fter numerous inquiries from [New Opportunities's] counsel, [Ms. Feliciano-Cordero's] counsel provided responses to [New Opportunities's] Discovery Requests . . . but acknowledged that they were incomplete" because counsel was "'waiting on the client to respond.'" Def.'s Position Statement Regarding Mot. for Disc. Conference at 1, ECF No. 21 (Jan. 27, 2021) (quoting Ex. 2 to Def.'s Position Statement Regarding Mot. for Disc. Conference at 1, ECF No. 21 (Jan. 27, 2021)).

On December 23, 2020, New Opportunities filed a motion requesting a discovery conference to "address [Ms. Feliciano-Cordero's] no[nc]ompliance with [New Opportunities's] First Set of Interrogatories and First Set of Requests for Production . . . which ha[d] resulted in [New Opportunities's] inability to conduct [Ms. Feliciano-Cordero's] deposition." Mot. for Disc. Conference at 1, ECF No. 19 (Dec. 23, 2020). On January 21, 2021, the Court granted the motion for a discovery conference. Order, ECF No. 20 (Jan. 21, 2021).

On January 27, 2021, New Opportunities filed an additional brief requesting "that the Court compel [Ms. Feliciano-Cordero's] full compliance with [New Opportunities's] [d]iscovery [r]equests, order that [Ms. Feliciano-Cordero] attend her deposition, and award [New Opportunities] its costs associated with having to seek and attend the Discovery Conference." Def.'s Position Statement Regarding Mot. for Disc. Conference at 1–2, ECF No. 21 (Jan. 27, 2021).

On February 3, 2021, the Court held a discovery conference by Zoom. Min. Entry, ECF No. 22 (Feb. 3, 2021).

On the same day, the Court ordered that Ms. Feliciano-Cordero complete and return outstanding written discovery requests by March 12, 2021 and, provided that written discovery requests were returned by March 12, 2021, that Ms. Feliciano-Cordero be deposed by April 16, 2021. Order, ECF No. 23 (Feb. 3, 2021).

The Court additionally noted that "[i]f [Ms. Feliciano-Cordero] fails to comply with either of these court-imposed deadlines, the Court may consider whether to dismiss this case for . . . failure to prosecute" consistent with Federal Rule of Civil Procedure 41(b). *Id.*

On February 12, 2021, the parties filed a joint motion for extension of time regarding the pretrial deadlines. Joint Mot. to Modify Scheduling Order, ECF No. 25 (Feb. 12, 2021).

On February 15, 2021, the Court granted the joint motion for extension of time and adopted a pretrial schedule consistent with its February 3, 2021 order. Order, ECF No. 26 (Feb. 12, 2021). The Court's February 15 order also set a July 16, 2021 deadline for the parties' joint trial memorandum and August 16, 2021 as the trial ready date. *Id.*

On March 26, 2021, New Opportunities filed a motion to dismiss under Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) for failure to comply with this Court's order and failure to

3

prosecute. Def.'s Mot. to Dismiss, ECF No. 28 (Mar. 26, 2021); Mem. in Supp. of Def.'s Mot. to Dismiss, ECF No. 29 (Mar. 26, 2021) ("Def. Mem."). New Opportunities argues that "dismissal of [Ms. Feliciano-Cordero's] Complaint . . . [under Federal Rules of Civil Procedure] 37(b)(2)(A) and 41(b) is warranted" because "of her continued failure to respond completely to discovery." Def.'s Mot. to Dismiss at 1, ECF No. 28 (Mar. 26, 2021).

As of March 26, 2021, New Opportunities had "not received complete discovery responses" to the interrogatories and requests for production it had sent to Ms. Feliciano-Cordero on May 4, 2020. Def. Mem. at 1–2. According to New Opportunities, "most of [the outstanding discovery responses] concern [Ms. Feliciano-Cordero's] damages and mitigation efforts, which are central issues in this case." *Id.* at 2.

New Opportunities also had been unable to conduct Ms. Feliciano-Cordero's deposition as of March 26, 2021. "In November 2020, [New Opportunities] re-noticed [Ms. Feliciano-Cordero's] deposition to take place on January 13, 2021 and planned to proceed even without the benefit of the outstanding discovery . . . ." *Id.* at 2. The deposition had to be rescheduled to January 29, 2021 because Ms. Feliciano-Cordero "had not been responsive" to her counsel's communications. *Id.* The January 29, 2021 deposition also was cancelled, because Ms. Feliciano-Cordero's counsel had "not received confirmation from [his] client for [the] deposition." Ex. 5 to Def. Mem., ECF No. 29 (Mar. 26, 2021) ("Ex. 5"). As of March 26, 2021, Ms. Feliciano-Cordero "ha[d] not provided responses to the Discovery Requests . . . and [her] counsel ha[d] not responded to [e]mails sent by [New Opportunities's] counsel on March 15 and March 17, 2021 inquiring as to the status of [Ms. Feliciano-Cordero's] responses." Ex. 7 to Def. Mem., ECF No. 29 (Mar. 26, 2021) ("Ex. 7").

On July 15, 2021, New Opportunities filed a motion for extension of time in which to file its joint trial memorandum "[g]iven the lack of discovery compliance and the pending [m]otion to [d]ismiss . . . ." Def.'s Mot. for Extension of Time, ECF No. 33 (July 15, 2021).

On July 16, 2021, the Court granted New Opportunities's motion for extension of time, requiring that the joint trial memorandum be due within thirty days of the Court's ruling on any dispositive motions. Order, ECF No. 34 (July 16, 2021).

As of today, Ms. Feliciano-Cordero has not filed a response to New Opportunities's motion to dismiss.

## II.  STANDARD OF REVIEW

Courts have "inherent power" to "clear their calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).

But more specifically, Federal Rule of Civil Procedure 37 allows the Court to impose a variety of sanctions for discovery-related abuses, and affords the Court "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order."). Potential sanctions include, but are not limited to, orders deeming certain facts established, granting a default judgment against the disobedient party, and entering an order of contempt. *Valentini v. Citigroup, Inc.*, No. 11-CV-1355 (LBS), 2013 WL 4407065, at *2 (S.D.N.Y. Aug. 16, 2013).

When deciding on the appropriate sanction, the Court considers "(1) the willfulness of the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the noncompliant party was warned that further noncompliance could result in sanctions." *Kellogg v. J.C. Penney Corp.*, No. 11-CV-733 (RNC), 2013 WL 308985, at *1 (D. Conn. Jan. 25, 2013) (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010)). The Court also should consider whether the moving party has been prejudiced by the noncompliance, "though a showing of prejudice is not a requirement for" the imposition of sanctions under Federal Rule of Civil Procedure 37. *Aliki Foods, LLC v. Otter Valley Foods, Inc.*, 726 F. Supp. 2d 159, 178 (D. Conn. 2010).

Under Rule 37(b)(2), if a party fails to comply with discovery orders, a court may "dismiss[] . . . the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit has noted that "'dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the no[nc]compliant litigant.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)).

In addition, under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is subject to the sound discretion of the district courts. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) ("We do not doubt a district judge's authority to dismiss actions based on a plaintiff's failure to prosecute."). Dismissal for failure to prosecute "is a harsh remedy" that should "be utilized only in extreme situations." *Id*. at 254.

In considering a 41(b) dismissal, district courts "must weigh five factors:"

6

> (1) the duration of plaintiff's failures to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal citation and quotation marks omitted). No single factor is dispositive and a court must weigh all five factors in determining whether dismissal is appropriate. *See United States ex rel. Drake*, 375 F.3d at 254. "[T]he usual sanction for failure to prosecute under Rule 41(b) is dismissal with prejudice." *Tenesca v. Gemelli Rest. Grp. Inc.*, No. 19-CV-10976 (AJN), 2021 WL 4041105, at *2 (S.D.N.Y. Sept. 3, 2021) (citing Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.")).

### III. DISCUSSION

#### A. Dismissal Under Federal Rule of Civil Procedure 41(b)

The Court first considers dismissal under Rule 41 of the Federal Rules of Civil Procedure.

New Opportunities argues that all five of the factors that the Court must consider under Federal Rule of Civil Procedure 41(b) "weigh in favor of dismissing this case." Def. Mem. at 4. They first note that, as of March 2021, the discovery requests "were due nearly ten months ago," and that Ms. Feliciano-Cordero "received clear notice via a Court Order that further delay could result in dismissal." *Id.* (citing Order, ECF No. 23 (Feb. 3, 2021)). As to the third factor, New Opportunities expresses concern about prejudice to them due to delays in the proceedings,

because "the Complaint concerns events that happened over four years ago" and "without discovery responses, [New Opportunities] cannot adequately test the veracity of [Ms. Feliciano-Cordero's] allegations in a deposition or at trial." *Id*. at 4–5. Ms. Feliciano-Cordero's noncompliance, according to New Opportunities, "warrants the sanction of dismissal." *Id*. at 5.

The Court agrees.

First, the Court finds significant delay in Ms. Feliciano-Cordero's failure to comply with the Court's order. The Second Circuit has recognized that delays of as little as six months are "significant" for the purposes of this analysis, and that a "17-month delay" is certainly significant. *U.S. ex rel. Drake*, 375 F.3d at 255.

On February 3, 2021, the Court extended the discovery deadline from February 5, 2021 to March 12, 2021, because of Ms. Feliciano-Cordero's failure to provide full discovery responses on November 30, 2021. As of today, twelve months since the modified discovery deadline and thirteen months since the original deadline, Ms. Feliciano-Cordero has not yet provided the required discovery requests. The Court finds this to be a significant delay under Federal Rule of Civil Procedure 41(b). *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) ("The district court reasonably concluded that the duration of [the plaintiff's] noncompliance was significant: by the time the court issued its decision, eleven months had passed since [the plaintiff's] response to discovery demands was first due. In the context of Rule 41(b), we have found that shorter delays could support dismissal."). Because of the delay in providing complete written discovery responses, Ms. Feliciano-Cordero also has not yet been deposed, despite the April 16, 2021 deadline agreed to at the February 3, 2021 discovery conference. Order, ECF No. 23 (Feb. 3, 2021).

Second, the Court's February 3, 2021 order clearly and explicitly informed Ms. Feliciano-Cordero that if she failed "to comply with either of the[] court-imposed deadlines, the Court may consider whether the dismiss this case for . . . failure to prosecute." *Id.* (citing Fed. R. Civ. P. 41(b)); *see also Heendeniya*, 830 F. App'x at 357–58 (upholding the district court's dismissal of the case where the plaintiff had "received notice of the consequences of failure to respond to the defendants' discovery demands during the January 30, 2018 conference and in the text order entered thereafter"); *Avila v. Comm'r of Soc. Sec.*, 15-CV-2456 (JGK), 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016) (dismissing for failure to prosecute where seven months had elapsed since the defendant had filed a motion to dismiss and where the court had provided "explicit notice that the failure to respond [to the motion to dismiss] could result in dismissal for failure to prosecute").

As to the third factor, New Opportunities is likely to be prejudiced by further delay in the proceedings. The case, which was filed on January 20, 2020, concerns events that took place five years ago, in or about January 2017. Compl. ¶¶ 13–14. The Second Circuit has upheld a finding of prejudice to defendants where the case "concerned events more than five years in the past, of which evidence was increasingly unlikely to be available." *Heendeniya*, 830 F. App'x at 358; *see also Dailey v. Knight*, No. 3:16-CV-1787 (VAB), 2022 WL 294903, at *2 (D. Conn. Feb. 1, 2022) (upholding, on a motion for reconsideration, the Court's earlier 41(b) dismissal where "[b]ecause [the plaintiff's] claims concern facts that allegedly occurred as long ago as October 2014, any discovery still outstanding into [the plaintiff's] claim will be hindered by the delay caused by his prior failure to prosecute this action").

Delay becomes prejudicial when parties need to rely on witnesses who may become more difficult to locate or whose recollection of relevant events may no longer be as clear as time goes

9

on. *Dailey*, 2022 WL 294903, at *2 ("Moreover, Defendants would be prejudiced if this matter is reopened because they will need to locate, for purposes of preparing for trial, any witnesses or defendants who may no longer work for the [Department of Correction], and witnesses may no longer retain a clear recollection of the relevant events."). In this case, the Court has additional reason to be concerned about potential prejudice because Ms. Feliciano-Cordero has herself not yet been deposed.

Fourth, the Court has considered Ms. Feliciano-Cordero's right to a day in court against the need to alleviate the Court's docket. The Court has made efforts to provide Ms. Feliciano-Cordero time to produce the required discovery and to make herself available for a deposition. As noted above, the Court held a discovery conference on February 3, 2021 where it extended the discovery deadline to allow Ms. Feliciano-Cordero additional time to provide the requested discovery. Since then, Ms. Feliciano-Cordero has not filed any requests for extensions, explanations, or responses with the Court. *Cf. Doe v. Winchester Bd. of Educ.*, No. 10-CV-1179 (VAB), 2017 WL 214176, at *7 (D. Conn. Jan. 18, 2017) ("As a preliminary matter, the Court appreciates that [the plaintiff] sought her most recent continuance because her son sustained injuries that required hospitalization.").

Finally, the Court has considered lesser sanctions and concludes that they would not be effective. A fine would not "adequately address the prejudice" New Opportunities will or has suffered. *See U.S. ex rel. Drake*, 375 F.3d at 257 (concluding it was not erroneous for the district court to find "that a fine would not adequately address the prejudice defendants had suffered"); *see also Ruzsa v. Rubenstein & Sendy Att'ys at Law*, 520 F.3d 176 (2d Cir. 2008) (per curiam) ("[W]hile it is unclear from the record whether the District Court considered sanctions short of dismissal, in light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is

equally unclear that a 'lesser sanction' would have proved effective in this case."). Indeed, the Court already warned Ms. Feliciano-Cordero of the possibility of dismissal and, faced with a motion to dismiss filed twelve months ago, Ms. Feliciano-Cordero has not filed a response explaining why dismissal is not appropriate. *See, e.g.*, *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) (considering the same question in the context of a Federal Rule of Civil Procedure 37 motion and noting that the plaintiff "shows no sign of abatement" given that they "did not oppose [the d]efendants' motions").

Accordingly, the motion to dismiss will be granted.

### B. Dismissal and Sanctions Under Federal Rule of Civil Procedure 37(b)(2)

Having concluded that dismissal is appropriate under Federal Rule of Civil Procedure 41(b), the Court need not address New Opportunities's argument for dismissal under Federal Rule of Civil Procedure 37(b)(2). The Court will, however, address whether sanctions are appropriate under Federal Rule of Civil Procedure 37(b), to determine whether it "should also award Defendant its costs flowing from Plaintiff's failure to cooperate with discovery." Def. Mem. at 5.

The Court has already considered three of the four factors that overlap between Federal Rules of Civil Procedure 41(b) and 37(b)(2): "the efficacy of lesser sanctions, . . . the duration of the noncompliance, and . . . whether the non-compliant party was warned that further noncompliance could result in sanctions." *Kellogg*, 2013 WL 308985, at *1. As to the fourth factor—the willfulness of the noncompliance—the Court finds the noncompliance to have been willful because "the [C]ourt's orders have been clear, [Ms. Feliciano-Cordero] understood them, and [Ms. Feliciano-Cordero's] no[nc]ompliance is not due to factors beyond [her] control." *Davidson v. Dean*, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (internal citation and quotation marks

11

omitted). It is clear to the Court that Ms. Feliciano-Cordero understood the Court's order because it was discussed at the February 3, 2021 discovery conference. As previously noted, she has also not filed any explanation with the Court suggesting that noncompliance is due to factors beyond her control.

The Court concludes, however, that dismissal is the appropriate sanction and that Ms. Feliciano-Cordero should not additionally be required to pay costs. *See Nieves*, 208 F.R.D. at 535 ("The sanctions of striking pleadings and dismissal are the most extreme sanctions available."); *see also Residential Funding Corp.*, 306 F.3d at 101 (discussing courts' "broad discretion in fashioning an appropriate sanction"). In any event, New Opportunities has not "submitted any documents in support of that application" and so the Court "cannot determine what the reasonable expenses might be." *Nieves*, 208 F.R.D. at 536.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 18th day of March, 2022.

*/s/ Victor A. Bolden*
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE